IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL JOSEPH
MAESTAS, JR.,

        Petitioner,

    v.                        CASE NO. 14-3060-SAC

WARDEN DOUG
WADDINGTON, et al.,

        Respondents.

**O R D E R**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by an inmate of the Larned Correctional Mental Health Facility. Having examined the materials filed, the court finds that petitioner's Motion to Proceed in forma pauperis is not supported by the requisite financial information and that the petition is defective. Petitioner is given time to submit the proper financial information and to cure the deficiencies in his petition.

**FILING FEE**

The statutory fee for filing a federal habeas corpus petition is $5.00. Petitioner has submitted a motion to proceed in forma pauperis (IFP). However, a prisoner seeking IFP status must also submit a certified accounting of the funds available to him in his

1

institutional account.  D.Kan.Rule 9.1(g);[1] see also Rule 3(a)(2) of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter HC Rules)(habeas petition must be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."). Mr. Maestas is given time to submit a certified statement of the amount in his inmate account. If he does not comply within the prescribed time, this action may be dismissed without further notice.

**BACKGROUND**

After admitting that he stabbed his mother to death, Mr. Maestas was tried before a jury in the District Court of Stevens County in Hugoton, Kansas, and convicted of first-degree premeditated murder. *State v. Maestas*, 298 Kan. 765, 316 P.3d 724, 728 (Kan. 2014). He was sentenced to life imprisonment with a minimum 25-year term. *Id.* Mr. Maestas appealed his conviction to the Kansas Supreme Court, which affirmed on January 24, 2014. He indicates that he has not

---

[1] D.Kan.Rule 9.1(g)(2)(A) provides:

Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

subsequently pursued any state post-conviction remedies. The instant federal habeas corpus petition was electronically filed on April 15, 2014.

## CLAIMS

In his federal petition, Mr. Maestas presents three grounds for relief. As Ground One, he claims violations of First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments. As supporting facts he alleges "Brady violations," and that the trial court "certified (him) as indigent and recognized him to be mentally retarded." As Ground Two, petitioner claims "Brady violations" citing *Brady v. Maryland*, 373 U.S. 83 (1963). As supporting facts, he alleges "suppression of favorable evidence"; "appointed trial defense counsel" Mr. Kuharic "was weak on defending" him; the rural courtroom was very emotionally charged; and the nature of the case, murder of his mother, "mandated protective custody." As Ground Three, petitioner claims "Weak trial defense counsel" and cites *Strickland v. Washington,* 487 U.S. 1267 (1984).

## DISCUSSION

The court has reviewed this petition as required under HC Rule 4, and finds that it is defective. The petition does not comply with HC Rule 2(c), which provides that "the petition must: (1) specify all the grounds for relief available to the petitioner," and (2) state

3

the facts supporting each ground." Not one of the three grounds amounts to a recognizable statement of a claim for federal habeas corpus relief. Instead, each is nothing more than a completely conclusory statement that provisions of the Constitution or a U.S. Supreme Court case referred to only by citation was violated. In addition, none of the grounds is supported by sufficient facts as the statements provided under "Supporting facts" are completely conclusory. The assertion that protective custody was mandated simply makes no sense. The court concludes that no grounds for federal habeas corpus relief are stated in this petition.

Furthermore, the petition fails to show that Mr. Maestas has fully and properly exhausted state court remedies on the claims in his petition. Mr. Maestas indicates that he does not know if any of his three claims were raised on direct appeal and that he did not file a state post-conviction motion.

Petitioner attempts to excuse his failure to formulate claims and state facts in support as well as his failure to show exhaustion by alleging that he does not know "what grounds were raised by Kansas Appellate Defenders" on direct appeal or how the appellate defenders presented his issues. He claims to have none of this information because the Kansas Appellate Defenders Office has not yet sent "Appellant's Brief" to him even though a copy was requested from that office by letter dated March 13, 2014. However, Mr. Maestas attended his own trial and presumably discussed his criminal case and trial

4

as well as his direct appeal with his attorneys. He is expected to personally set forth his claims and supporting facts in his federal habeas corpus petition.

The petition in this case was unmistakably prepared by another inmate, Mr. Parrish-Parrado, who has long been an abusive filer in this court. Mr. Parrish-Parrado even improperly signs the petition along with Mr. Maestas and claims that he is "a certified federal paralegal volunteering full-time co-counsel to Maestas" until this court appoints "appellate counsel." The fact that Mr. Parrish-Parrado has not seen petitioner's appellate brief or the trial transcript does not excuse Mr. Maestas from presenting his claims and supporting facts. Mr. Maestas is given time to file an "Amended Petition" upon court-approved forms in which he adequately states all his claims and facts in support.[2]

In addition, it appears to the extent discernible that Mr. Maestas has not exhausted state court remedies on the three claims raised in this federal petition. The only state court remedy pursued by Mr. Maestas after his trial was his direct appeal to the Kansas Supreme Court (KSC). The KSC, in its published opinion, summarized the "five issues" that Mr. Maestas raised on direct appeal:

(1) prosecutorial misconduct; (2) the failure to instruct on a lesser included offense of reckless second-degree murder; (3) alleged infringement on his right to present his defense; (4) the district

---

[2] Petitioner must write the number of this case, 14-3060, and "Amended" at the top of the first page of his new petition. He must answer all applicable questions on the forms and may not simply refer to his original petition.

5

court's determination for sentencing purposes that he was not "mentally retarded" under K.S.A. 21-4634; and (5) the district court's refusal to commit Maestra to the state security hospital rather than prison under K.S.A. 22-3430.

*State v. Maestas*, 298 Kan. at 728. None of these issues is a claim of *Brady* violation, suppression of favorable evidence, or ineffective assistance of appointed counsel. It thus appears that petitioner did not present any of the issues on direct appeal that he now attempts to raise in his federal petition. In response to questions on exhaustion, Mr. Maestas (or Mr. Parrish-Parrado) alleges a post-conviction motion was not filed due to "no cooperation from" the trial court in providing a copy of the trial transcript, which was allegedly "required to prep a KSA 60-1501 petition." In order to raise an issue in state court that was not raised on direct appeal, a state inmate generally may file a motion pursuant to K.S.A. 60-1507. Again, the court notes that Mr. Maestas was present at his trial and should not require a trial transcript to file a pro se 60-1507 motion, which is initially filed in the trial court.

Petitioner indicates that he filed this federal petition without complete information because the one-year statute of limitations is already running in his case. A one-year statute of limitations is applicable to petitioner's federal habeas corpus petition. See 28 U.S.C. § 2244(d). It generally begins to run 90 days after completion of direct appeal, if the petitioner waived certiorari review by the United States Supreme Court. However,, the federal statute of

limitations is tolled during the pendency of a pertinent, properly-filed state post-conviction motion that challenges the conviction or sentence in question. Petitioner is not excused from filing an adequate federal petition or from exhausting state court remedies by the fact that his one-year statute of limitations may have recently begun to run. He is cautioned that the filing of a premature federal habeas corpus petition, unlike a state post-conviction motion, has no tolling effect upon the federal statute of limitations. The court is not unmindful that legal rules may be difficult for a pro se petitioner to comprehend and follow. Nevertheless, pro se litigants are required to follow the same rules as attorneys.

Several motions are improperly imbedded within the petition, which is a common, improper practice by Mr. Parrish-Parrado. The clerk is not required to parse a pleading to discover imbedded motions. As a result these requests have not been properly docketed as motions. In any event, petitioner's request for "all federal court orders" to be "unpublished" is not supported with any factual or legal basis and is denied. The Notice of Appearance of Mr. Parrish-Parrado is found to be improper. Petitioner's imbedded request for appointment of "federal appellate counsel" is denied. Counsel appointed in this matter would not be appellate counsel as proceedings in this court are not appeals. Petitioner is not entitled to appointment of counsel in a federal habeas corpus action unless the court determines that an evidentiary hearing is required.

7

Such a determination cannot be made upon this bald and premature application.

**IT IS THEREFORE ORDERED** that petitioner is granted thirty (30) days in which to submit a certified statement of his inmate account in support of his motion to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that within the same thirty-day period petitioner is required to submit an Amended Petition in which he states claims and grounds for federal habeas corpus relief and shows full and proper exhaustion of state remedies on each claim.

**IT IS FURTHER ORDERED** that petitioner's imbedded requests (Doc. 1) for unpublished orders, appointment of federal appellate counsel, and for subpoena of state appellate brief are denied.

The clerk is directed to send 2254 forms to petitioner.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2014, at Topeka, Kansas.

<u>**s/Sam A. Crow**</u>
**U. S. Senior District Judge**