IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL JOSEPH
MAESTAS, JR.,

          Petitioner,

     v.                          CASE NO. 14-3060-SAC

WARDEN DOUG
WADDINGTON, et al.,

          Respondents.

**O R D E R**

On April 29, 2014, the court screened this pro se Section 2254 petition filed by an inmate of the Larned Correctional Mental Health Facility. The court found petitioner's Motion to Proceed in forma pauperis was not supported by the requisite financial information and that the petition was defective. Petitioner was given time to submit his financial information and to cure the deficiencies in his petition by filing an Amended Petition.

A week after the screening order was entered, a 9-page document was received in this case that was obviously crafted by Mr. Parrish-Parrado. The clerk copied this single document and docketed it as three different matters: (1) Amended Petition, (2) Motion for Reconsideration and (3) Notice of Interlocutory Appeal. This document is neither in compliance with nor responsive to the court's screening order and in effect merely

1

seeks reconsideration and interlocutory appeal of the court's rulings in that order.

This document starts with a title page of "Court-ordered Amended Petition." However, what follows is not an Amended Petition upon court-approved forms, which is what petitioner was ordered to file. The court finds that "Amended Petition" docketed by the clerk as (Doc. 4) is not in compliance with and does not satisfy the court's Order entered April 29, 2014. Petitioner remains obligated to comply with the court's order to file a complete and proper Amended Complaint upon court-approved forms within the time previously prescribed by the court or this action may be dismissed without further notice.

The portion of this document docketed as "Motion for Reconsideration" (Doc. 5) is not a proper, separate motion for reconsideration. Nor is the title "Motion for Reconsideration" next to the case caption at the top of the first page of the motion and petitioner's signature is not at the end of this motion. A motion is not properly submitted as a portion of a page within an Amended Petition. As noted, such an imbedded motion is an improper and abusive practice characteristic of filings by Mr. Parrish-Parrado. This motion is denied as improper and because no facts are clearly set forth as the basis for a motion for reconsideration.

If petitioner is having difficulty obtaining financial

information, he may seek an extension of time to comply with the court's order on that basis. However, he must include facts describing his efforts including the date(s) on which, from whom, and how the financial information was requested, and responses to his requests. If he claims that he is altogether unable to provide the requisite financial information, he must likewise describe his efforts as well as show that he has sought assistance in obtaining the information through appropriate administrative channels.

The portion of this document docketed as "Notice of Interlocutory Appeal" (Doc. 6) is not a proper, separate Notice of Interlocutory Appeal with the case caption and this title at the top of the first page. Petitioner's signature is not on this Notice. The court is tempted to strike this filing for these reasons. However, the clerk has already forwarded appeal information to the Tenth Circuit Court of Appeals. Instead, the court certifies that this interlocutory appeal is not taken in good faith.

Under 28 U.S.C. § 1291, the Tenth Circuit Court of Appeals "only possesses appellate jurisdiction over 'final decisions' of district courts." See *Roska ex rel. Roska v. Sneddon*, 437 F.3d 964, 969 (10th Cir. 2006). This requirement "precludes consideration of decisions . . . that are but steps towards final judgment in which they will merge." *North American*

*Specialty Ins. Co. v. Correctional Medical Services, Inc.*, 527 F.3d 1033, 1038 (10th Cir. 2008)(citing *Roska*, 437 F.3d at 969 (internal quotation marks and brackets omitted). This court has not entered a final decision in this case. 28 U.S.C. § 1292 provides for appeals from interlocutory decisions by a federal district court only in very limited circumstances. Subsection (b) of § 1292 pertinently provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

*Id.* Having considered this matter and the relevant authorities, the court declines to order certification of this case for interlocutory appeal. Mr. Maestas does not seek to appeal one of the few actions for which interlocutory appeals are expressly allowed under § 1292, such as the denial or issuance of an injunction. Thus, in order for this interlocutory appeal to proceed as to the "otherwise not appealable orders," this court must issue the written certification required by § 1292.

4

Certification of interlocutory appeals under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *State of Utah by and through Utah State Dept. of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.), *cert. denied*, 513 U.S. 872 (1994)(citation omitted). A primary purpose of § 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." *Id.*

This court does not believe that an appeal of its screening order entered herein on April 29, 2014, requiring satisfaction of the filing fee and an Amended Petition would materially advance the ultimate termination of this litigation. Nor does the screening order being appealed involve a "controlling question of law as to which there is substantial ground for difference of opinion." The court concludes that petitioner's interlocutory appeal is not taken in good faith and shall not be certified.

This matter is not automatically stayed by the petitioner's notice of interlocutory appeal, even if proper. It follows that the time set by this court for Mr. Maestas to comply with its prior orders is not stayed.

Finally, the court finds that Mr. Parrish-Parrado has again

5

improperly affixed his signature to pleadings in this case when he is not the petitioner and has no authority to sign or to transmit pleadings to the court in this case. If Mr. Parrish-Parrado signs or transmits any additional pleading in this case, the court will consider striking any such pleading.

If Mr. Maestas is having difficulty managing his legal filings, he must make that fact known to prison administrators and the court. Any affidavit claiming that his circumstances have impeded his ability to prosecute this case must be in his writing and signed and submitted by him. The court has tried to make Mr. Maestas aware that this petition appears to be premature and that the time it is pending will not toll the one-year statute of limitations. He should not allow Mr. Parrish-Parrado to file improper motions and appeals that can only delay resolution of the threshold issues.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Reconsideration (Doc. 5), if any, is denied.

**IT IS FURTHER ORDERED** that this court declines to certify petitioner's interlocutory appeal (Doc. 6), if any, and certifies that this appeal is not taken in good faith.

The clerk is directed to transmit a copy of this Order to Mr. Maestas and to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2014, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge